```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
AHMED NASIR,                                                   :
                                                               :   Case No. 1:23-cv-2128
                    Plaintiff,                                 :
                                                               :
        -against-                                              :   **COMPLAINT**
                                                               :
                                                               :   **JURY TRIAL DEMAND**
                    Defendants.                                :
                                                               :
ABUL BASHAR KHOKON &                                           :
 KHOKON CONVENIENCE INC.                                       :
-------------------------------------------------------------- X
```

Ahmed Nasir ("Plaintiff"), by and through his attorneys, THE BOIES LAW FIRM, PLLC, complaining of Defendants Abul Bashar Khokon and Khokon Convenience Inc. (collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover unpaid overtime compensation, unpaid non-overtime wages, and damages for the Defendants' failure to provide wage notice at the time of hiring ("hiring notices") and wage statements with each wage payment (i.e., paystubs) to Plaintiff who has worked for the Defendants as a convenient store employee from October 2011 to the end of his employment on March 28, 2021, alternatively within the New York Labor Law ("NYLL") statute of limitations, pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL" or "N.Y. Lab. Law").

2. Khokon Convenience Inc. ("Khokon Convenience") is a convenient store located at 445 Seventh Avenue, Brooklyn, NY 11215, owned and operated by Abul Bashar Khokon ("Individual Defendant").

3. Over the last six plus years, Defendants have employed Plaintiff as a Store worker to open and close, clean, stock and sell items at the Store.

4. Defendants, however, violated the FLSA and NYLL rights of Plaintiff by: (1) failing to pay overtime wages and, instead, paying the same hourly wages for all hours worked; (2) failing to pay any wages for certain hours worked; (3) failing to provide paystubs listing their hours worked and wages paid; and (4) failing to provide hiring notices.

5. As a result, Plaintiff complains that his is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) unpaid non-overtime compensation; (3) damages for failure to provide hiring notices; (4) damages for failure to provide wage statements; (5) liquidated damages equal to the sum of unpaid compensation; (6) pre-judgment and post-judgment interests; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 29 U.S.C. § 201, et seq., 28 U.S.C. § 1331 and 1337.

7. This Court has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. Defendants do business in Kings, Queens, Richmond, New York, and Suffolk Counties and maintain principal places of business at 445 Seventh Avenue, Brooklyn, NY 11215.

9. Accordingly, venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to Plaintiff's claims took place in this District.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020, and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020.

## THE PARTIES

*Plaintiff*

12. At all times herein, Plaintiff Ahmed Nasir was and is an adult individual residing in the State of New York, County of Kings.

13. At all times relevant, Ahmed Nasir was an "employee" of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

14. At all times relevant, Plaintiff Ahmed Nasir was employed by Defendants as a Store worker.

15. At all times relevant, Plaintiff performed work for Defendants' convenience store located at 445 Seventh Avenue, Brooklyn, NY 11215.

***Defendant Khokon Convenience Inc.***

16. Upon information and belief, Khokon Convenience Inc. ("Khokon Convenience") is a New York Corporation organized and authorized to do business pursuant to the laws of the State of New York.

17. According to the New York State Department of State, Division of Corporations, Khokon Convenience was registered on April 6, 2011.

18. Upon information and belief, Khokon Convenience's principal place of business is located at 445 Seventh Avenue, Brooklyn, NY 11215.

19. Upon information and belief, Khokon Convenience was and is a convenience store, bodega, convenience shop, corner store or corner shop is a small retail business that stocks a range of everyday items such as coffee, groceries, snack foods, confectionery, soft drinks, ice creams, tobacco products, lottery tickets, over-the-counter drugs, toiletries, newspapers and magazines.

20. At all times relevant, Khokon Convenience was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

21. At all times relevant, the activities Khokon Convenience constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

22. Upon information and belief, Khokon Convenience maintains control, oversight, and direction over its operations and employment practices.

23. At all times relevant, Khokon Convenience, who employed Plaintiff, regularly engaged in commerce or in the production of goods for commerce or in handling, selling or

otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

24. Khokon Convenience's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

***Defendant Abul Bashar Khokon ("Defendant Abul")***

25. At all times herein, Defendant Abul was and is an adult individual residing at 10760 142nd Street, Jamaica, New York, 11435.

26. Upon information and belief, Defendant Abul is an owner of Khokon Convenience.

27. Upon information and belief, Defendant Abul is the finance controller of Khokon Convenience.

28. Upon information and belief, Defendant Abul operates Khokon Convenience.

29. Upon information and belief, Defendant Abul is a shareholder of Khokon Convenience.

30. Upon information and belief, Defendant Abul is a corporate officer of Khokon Convenience.

31. Upon information and belief, Defendant Abul is an agent of Khokon Convenience.

32. Upon information and belief, Defendant Abul has authority over personnel decisions for Khokon Convenience.

33. Upon information and belief, Defendant Abul has authority over payroll decisions for Khokon Convenience.

34. Upon information and belief, Defendant Abul has the authority to alter the terms and conditions of Khokon Convenience's employees' employment.

35. Upon information and belief, Defendant Abul has the authority to supervise the employees of the Khokon Convenience, including supervising Plaintiff's work at Khokon Convenience.

36. Upon information and belief, Defendant Abul has the authority to hire and fire employees for Khokon Convenience.

37. Upon information and belief, Defendant Abul has the power to make binding decisions for Khokon Convenience.

38. Upon information and belief, Defendant Abul has the power to transfer the assets or liabilities of Khokon Convenience.

39. Upon information and belief, Defendant Abul has the power to declare bankruptcy on behalf of Khokon Convenience.

40. Upon information and belief, Defendant Abul has the power to enter into contracts on behalf of Khokon Convenience.

41. Upon information and belief, Defendant Abul signed checks and authorized payments made on Khokon Convenience's behalf.

42. Upon information and belief, Defendant Abul directed the work of Khokon Convenience's employees, including Plaintiff's work.

43. At all relevant times, Defendant Abul was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

***Khokon Convenience Inc. and Abul Bashar Khokon (collectively "Defendants")***

44. At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff and other employees, including timekeeping, payroll and other employment practices that applied to them.

45. At all times relevant, Defendants individually and collectively were and still are "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

46. At all times relevant, Defendants employed Plaintiff and regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

47. Defendants' collective annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## **FACTUAL ALLEGATIONS**

48. Ahmed Nasir was employed by Defendants from October 2011 until March 28, 2021, as a Khokon Convenience employee at the Khokon Convenience location.

49. Plaintiff was an employee of Defendants, working under the direct supervision of Defendants.

50. At all times relevant, Plaintiff worked seven days a week, Monday to Sunday, from 8:00 a.m. to 12:00 midnight.

51. At all times relevant, Plaintiff's pay during the relevant claim period was $500 per week from the start of the claim period to the end of December 2018.

52. At all times relevant, from January 2019 to the end of his employment, Plaintiff was paid $650 per week, including those beyond forty (40) in a given workweek.

53. During Plaintiff's employment, in 2015, the New York State minimum hourly wage was $8.75.

54. On December 31, 2015, the New York State minimum hourly wage increased to $9.00.

55. On December 31, 2016, the applicable New York State minimum hourly wage for small employers in New York City increased to $10.50.

56. On December 31, 2017, the applicable New York State minimum hourly wage for small employers in New York City increased to $12.50.

57. On December 31, 2018, the applicable New York State minimum hourly wage for small employers in New York City increased to $13.50.

58. On December 31, 2019, the applicable New York State minimum hourly wage for small employers in New York City increased to $15.00, which was the applicable rate through the end of Plaintiff's employment. 12 N.Y.C.R.R. §142-2.1.

59. At all times relevant, Plaintiff was not paid the legally-required minimum wages for all hours worked and was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each workweek.

60. At all times relevant, Plaintiff was not allowed to take breaks during his shifts, let alone a thirty (30)-minute uninterrupted meal break. If Plaintiff was able to take some time to rest during his shifts, his break typically lasted only between ten (15) to twenty (20) minutes.

61. At all times relevant, Plaintiff received his wages entirely in cash, without a pay stub or any other wage statement that provided information about hours worked during the pay period or the wage rate(s) paid during the workweek.

62. At all times relevant, although Plaintiff frequently worked a spread of more than ten (10) hours per day, he did not receive spread-of-hours premiums equal to an additional hour at the applicable minimum wage for such days.

63. At all times relevant, Plaintiff was not provided with a wage notice when he was hired, or proper wage statements with his wage payments each week.

64. Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff.

65. Upon information and belief, exclusive of liquidated damages, prejudgment and post-judgment interest, and attorneys, the Defendants owe Plaintiff $368,280.00 in minimum and overtime wages.

66. Upon information and belief, exclusive of liquidated damages, prejudgment and post-judgment interest, and attorneys, the Defendants owe Plaintiff $25,535.25 in spread of hours wages.

67. Upon information and belief, exclusive of liquidated damages, prejudgment and post-judgment interest, and attorneys, the Defendants owe Plaintiff 5,000.00 in WTPA damages for failure to provide a wage statement.

68. Upon information and belief, exclusive of liquidated damages, prejudgment and post-judgment interest, and attorneys, the Defendants owe Plaintiff 5,000.00 in WTPA damages for failure to provide a legally mandated notice upon hire.

69. Upon information and belief, exclusive of prejudgment and post-judgment interest, and attorneys, the Defendants owe Plaintiff owe an additional $393,815.25 in liquidated damages.

70. Upon information and belief, exclusive of prejudgment and post-judgment interest, and attorneys, the Defendants owe Plaintiff owe an additional 4,515.03 of unreimbursed expenses.

## FIRST CAUSE OF ACTION
## FLSA – Overtime Wages

71. Plaintiff incorporates by reference all preceding allegations.

72. Plaintiff is a non-exempt employee entitled to be paid overtime compensation for all overtime hours worked.

73. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week at a rate of at least one and one-half times their regular hourly rate in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

74. Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiff.

75. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76. Because of this willful underpayment of overtime wages, Defendants are indebted to Plaintiff in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### FLSA – Unpaid Minimum Wages

77. Plaintiff incorporates by reference all preceding allegations.

78. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

79. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

80. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff to suffer loss of wages and interest thereon. Therefore, Plaintiff is entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated

damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NYLL – Unpaid Overtime**

81. Plaintiff incorporates by reference all preceding allegations.

82. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of NYLL.

83. By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, et seq.; 12 N.Y.C.R.R. Part 142-2.2.

84. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff.

85. Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff.

86. Defendants lacked a good faith basis, within the meaning of N.Y. Lab. Law § 663, to believe their failure to pay Plaintiff overtime wages complied with the NYLL.

87. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendants' unlawful and willful conduct, as the Court deems just and proper.

88. Plaintiff seeks recovery of unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs to be paid by the Defendants as provided by the NYLL.

## FOURTH CAUSE OF ACTION
### NYLL – Unpaid Minimum Wages

89. Plaintiff incorporates by reference all preceding allegations.

90. Plaintiff is covered by the NYLL as employee of Defendants, including as manual workers.

91. Defendants failed to pay Plaintiff non-overtime wages to which he is entitled under the NYLL Article 6 §§ 191 et seq., and Article 19 §§ 650 et seq. – specifically N.Y. Lab. Law §§ 191(1)(a) and 661(3) – and the supporting New York State Department of Labor Regulations in violation of the NYLL and regulations promulgated thereunder.

92. Defendants has a policy and practice of refusing to pay non-overtime compensation for all hours worked to Plaintiff.

93. Defendants lacked a good faith basis, within the meaning of N.Y. Lab. Law § 663, to believe their failure to pay Plaintiff non-overtime wages complied with the NYLL.

94. Due to Defendants violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
### NYLL – Unpaid Spread-of-Hours Premiums

95. Plaintiff incorporates by reference all preceding allegations.

96. Defendants willfully violated Plaintiff's rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where Plaintiff worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

97. Defendants' failure to pay spread-of-hours compensation caused Plaintiff to suffer loss of wages and interest thereon. is entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

**SIXTH CAUSE OF ACTION**
**NYLL – Failure to Provide Wage Statements**

98. Plaintiff incorporates by reference all preceding allegations.

99. Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

100. Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement, Plaintiff is each entitled to damages of $100 per workweek as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

101. Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement, Plaintiff is entitled to damages of $250 per workday, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NYLL – Hiring Notice Violations**

102. Plaintiff incorporates by reference all preceding allegations.

103. Defendants failed to supply Plaintiff notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

104. Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

105. Due to Defendants' violations of N.Y. Lab. Law § 195, Plaintiff isach entitled to damages of $50.00 for each work day that Defendants failed to provide a hiring notice, or a total of $5,000.00 per person, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks for the following relief:

A. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL;

D. Unpaid minimum wages and liquidated damages permitted by law pursuant to the NYLL;

E. Unpaid spread-of-hours premiums and liquidated damages permitted by law pursuant to the NYLL;

F. An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

G. An award of actual and liquidated damages for the Defendants' failure to provide Plaintiff with wage statements;

H. An award of actual and liquidated damages for the Defendants' failure to provide Plaintiff with hiring notices;

I. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

J. Two hundred and fifty dollars ($250.00) for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) as provided for by NYLL, Article 6 § 198(1)-d;

K. An award of prejudgment and post-judgment interest;

L. An award of costs and expenses of this action together with reasonable attorneys'
and expert fees; and

M. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 20, 2023

                                      Respectfully submitted,

                     By: /s/ *Jerry Boies*

                          **THE BOIES LAW FIRM, PLLC**
                          Jerry Boies, Esq.
                          535 Fifth Avenue, 4th Floor
                          New York, NY 10017
                          212-729-0085 (*phone*)
                          jboies@boieslaw.com (*email*)

                          *Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
March 20, 2023

Respectfully submitted,

By: /s/ *Jerry Boies*

**THE BOIES LAW FIRM, PLLC**
Jerry Boies, Esq.
535 Fifth Avenue, 4th Floor
New York, NY 10017
212-729-0085 (*phone*)
jboies@boieslaw.com (*email*)

*Attorneys for Plaintiff*